Filed 7/17/26

<u>**CERTIFIED FOR PUBLICATION**</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>SARATH SAM PRAK,<br><br>    Defendant and Appellant. | F089754<br><br>(Super. Ct. No. 1244374)<br><br>**OPINION** |

APPEAL from an order of the Superior Court of Stanislaus County. Dawna Reeves, Judge.

Kyle Gee, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Ivan P. Marrs and John Merritt, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Appellant Sarath Sam Prak appeals from the denial of his resentencing petition at the prima facie stage. (Pen. Code, § 1172.6, subd. (c).)[1] He contends that, in denying the petition, the trial court improperly considered hearsay evidence contained in the preliminary hearing transcript.

In *People v. Rodriguez* (2026) 117 Cal.App.5th 1179 (*Rodriguez*), the Second District, Division Eight, recently rejected a similar argument that appellant advances here. Having independently reviewed the statutory language and relevant authorities, we agree with *Rodriguez* and adopt its reasoning. A preliminary hearing transcript is part of the record of conviction for purposes of section 1172.6, even if it contains hearsay evidence. Thus, it may be consulted at the prima facie stage. (*Rodriguez,* at pp. 1193–1195.)

In this matter, the trial court reviewed the record of conviction, including the preliminary hearing transcript that contained hearsay evidence. According to the court, the record demonstrated that appellant had been convicted under a still-valid theory of murder liability, i.e., that he was the actual killer. Critically, appellant never identified or offered competing facts that might suggest his conviction was tainted by a now invalid theory of imputed malice. Accordingly, the trial court properly denied the petition at the prima facie stage. (See *People v. Patton* (2025) 17 Cal.5th 549, 557 (*Patton*) ["a petitioner who offers only conclusory allegations of entitlement to relief under section 1172.6, in response to a record of conviction that demonstrates the petitioner's conviction was under a still-valid theory, has not, thereby, made a prima facie showing"].)

Under *Patton* and *Rodriguez*, we affirm the trial court's denial. However, consistent with the dispositions in those opinions, and in the interests of justice, we grant

_____

[1]     All future statutory references are to the Penal Code unless otherwise noted. Section 1172.6 was formerly section 1170.95. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 223, fn. 3.)

appellant's request that he have 30 days' leave to file an amended petition in the superior court.  (*Patton, supra*, 17 Cal.5th at p. 570; *Rodriguez, supra*, 117 Cal.App.5th at p. 1196.)

**BACKGROUND**

## I.     The 2008 Homicide.

The underlying offenses in this matter arose from a shooting that occurred in 2008. Two rival criminal street gangs had a verbal altercation in Modesto, California.  A short time later, a drive-by shooting occurred.  Approximately seven shots were fired by the front passenger of a passing car, a Honda Civic.  One of the shots struck and killed Chanthol Ouk, a bystander who was not associated with a criminal street gang.

Appellant and his codefendant, Kao Siew Phompong, were charged with Ouk's murder (§ 187, subd. (a)) along with other felonies related to this shooting.  It was alleged that, in committing the charged murder, appellant personally discharged a firearm causing great bodily injury or death (§ 12022.53, subd. (d)).  Phompong was not charged with this specific firearm enhancement.  Other related firearm and gang enhancements were alleged, including that both appellant and Phompong personally used a firearm, and the crime was committed to benefit a criminal street gang (§ 12022.53, subd. (e)(1)).

## II.     The Evidence from the Preliminary Hearing.

Various law enforcement personnel testified at the preliminary hearing.  These personnel relayed hearsay statements obtained from percipient witnesses.  In general, section 872, subdivision (b), provides that the finding of probable cause at a preliminary hearing may be based in whole or in part upon the sworn testimony of a law enforcement officer relating the statements of declarants made out of court offered for the truth of the

3.

matter asserted. (*Rodriguez, supra*, 117 Cal.App.5th at p. 1186, fn. 2; see also Prop. 115, as approved by voters, Primary Elec. (June 5, 1990).)[2]

The hearsay evidence from the preliminary hearing indicated that appellant's codefendant, Phompong, was driving the Honda used in this drive-by shooting. The hearsay evidence also indicated that appellant—who was known as "Browz"—was the front passenger who fired the shots that fatally injured Ouk.

### III. Appellant's Change of Plea and Sentence.

Following the preliminary hearing, appellant entered a change of plea. In 2012, he pleaded guilty to voluntary manslaughter (§ 192; count I) for Ouk's death. He also pleaded guilty to shooting at an occupied building (§ 246; count II). He admitted a gang enhancement (§ 186.22, subd. (b)(1)(C)) and that he had personally used a firearm (§ 12022.5).

At the change of plea hearing, appellant agreed he was "pleading guilty to these charges" because he was "in fact, guilty of these charges." Defense counsel stipulated that the preliminary hearing transcript provided a factual basis for the pleas.

In 2012, the trial court sentenced appellant to an aggregate determinate term of 31 years in prison. This sentence consisted of 11 years for voluntary manslaughter, plus 10 years for the firearm enhancement and an additional 10 years for the gang enhancement. At sentencing, appellant stated he "would like to convey" his condolences to Ouk's family. Appellant regretted "any involvement" he had in this case. He asked Ouk's family to forgive him, "because if I had the power to take back my actions on that tragic day, I would bring back the life of [Ouk]. For that I am sorry."

---

[2] At times in this opinion, such hearsay testimony will be referred as the "Proposition 115 hearsay."

4.

## IV.    The Petition for Resentencing.

In January 2024, appellant filed a petition for resentencing under section 1172.6. He checked the boxes on a form petition, generally alleging he could no longer be convicted of murder or manslaughter based on retroactive changes in the law.

The trial court appointed legal counsel to represent appellant, and it set a briefing schedule.

In March 2024, the People filed a written opposition. The prosecution asserted that, based on the record of conviction—including the preliminary hearing transcript—appellant had been prosecuted as the "actual killer," so his conviction was still valid under current law.

In December 2024, appellant—through his legal counsel—filed a written reply. Appellant did not offer any alternative theories or factual scenarios regarding the homicide. Instead, appellant argued that his change of plea did not establish malice, and he never personally admitted the truth of the factual basis for the plea. Appellant also asserted that the trial court could not rely on hearsay evidence appearing in the preliminary hearing transcript because such evidence was inadmissible at a future evidentiary hearing under section 1172.6, subdivision (d)(3).

At the prima facie hearing, the prosecutor argued that the petition should be denied because the record of conviction showed that appellant was the shooter. Appellant's legal counsel submitted the matter based on the prior filings. At no time did the defense offer any alternative theories or factual scenarios regarding this homicide.

On March 20, 2025, the trial court issued a written order denying the petition. According to the court, the record of conviction demonstrated that appellant was charged and convicted as the "actual killer" of Ouk. The preliminary hearing transcript revealed testimony that supported only a single theory—that appellant was the "actual shooter." The information filed against him charged him with murder with the personal and intentional discharge of a firearm causing death. At the change of plea hearing, appellant

5.

admitted that he personally used a firearm in this homicide when he pleaded no contest to voluntary manslaughter. The court concluded that appellant was prosecuted as the actual killer and nothing in the record supported an abrogated theory of liability. The appellant had offered no other facts which might suggest his conviction was tainted by a now invalid theory. Accordingly, the court concluded that appellant was ineligible for resentencing having failed to make a prima facie showing.

Appellant filed the present appeal. We turn to his arguments.

## DISCUSSION

**I.      The Trial Court Did Not Err in Denying the Petition at the Prima Facie Stage.**

Appellant contends that the preliminary hearing transcript could not be used at the prima facie stage because the testimony identifying him as the actual killer consisted of hearsay statements relayed by law enforcement personnel. He argues that, once this hearsay is excluded, nothing in the record of conviction establishes his role in the homicide or demonstrates malice. He seeks reversal of the lower court's denial and an evidentiary hearing.

After this appeal was filed, we sought supplemental briefing regarding the impact of *Rodriguez*. Appellant contends *Rodriguez* was wrongly decided and that this case is factually distinguishable from both *Patton* and *Rodriguez*. In the alternative, he requests leave to file an amended petition should we follow *Rodriguez*.

Respondent takes the position that we do not need to apply *Patton* or *Rodriguez* to resolve this case. According to respondent, "ample testimony" from the preliminary hearing would qualify as exceptions to the hearsay rule and would demonstrate appellant's continued liability for murder. In the alternative, respondent contends that *Rodriguez* further supports respondent's arguments that the trial court properly denied appellant's petition for resentencing at the prima facie stage.

6.

We review de novo the denial of this resentencing petition at the prima facie stage. (*Rodriguez, supra*, 117 Cal.App.5th at p. 1189; see also *People v. Hickman* (2025) 110 Cal.App.5th 1262, 1268.)

As we explain below, the trial court properly considered the preliminary hearing transcript—including the hearsay—as part of the record of conviction. We reject appellant's various challenges to *Rodriguez* and find no error in the denial of the petition. However, given the unique circumstances of this case, we agree with appellant that he should be granted 30 days leave to file an amended petition in the superior court.

## A.    *The applicable law.*

Senate Bill No. 1437 (2017–2018 Reg. Sess.) significantly narrowed accomplice liability for murder. The legislation amended sections 188 and 189 to eliminate murder liability based on the natural and probable consequences doctrine. It further restricted felony murder liability to defendants who were the actual killer, aided and abetted the killer with intent to kill, or were major participants in the underlying felony who acted with reckless indifference to human life. (§§ 188, subd. (a)(3), 189, subd. (e).) As a result, individuals convicted under now-invalid theories of imputed malice may seek relief under section 1172.6, which provides a mechanism to vacate convictions that could not be sustained under current law. (§ 1172.6; see *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)

In *Lewis*, the Supreme Court emphasized that the prima facie inquiry is "limited." (*Lewis, supra*, 11 Cal.5th at p. 971.) A trial court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion' " when determining whether a petitioner is entitled to an evidentiary hearing. (*Id.* at p. 972.) However, "the parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief under subdivision (c)." (*Lewis supra*, at p. 972.) If the record contains " ' "facts" ' " refuting

7.

the allegations in the petition, the court is justified in making a credibility determination adverse to the petitioner. (*Id.* at p. 971.)

In *Patton, supra*, 17 Cal.5th 549, our high court clarified that, during prima facie review, a trial court may examine a preliminary hearing transcript. (*Id.* at p. 568.) Such a transcript plays an "issue-framing role" at this stage of the resentencing process. (*Id.* at p. 569.) A trial court may rely on undisputed facts in the record, but it may not engage in factfinding. (*Id.* at pp. 563, 565–566; see also *Lewis, supra*, 11 Cal.5th at pp. 971–972.)

Importantly, *Patton* holds that, in certain situations, a petitioner cannot rely on conclusory allegations alone to sustain the burden of proof at the prima facie stage. (*Patton, supra*, 17 Cal.5th at p. 557.) "The ultimate question at the prima facie stage is whether to proceed to an evidentiary hearing." (*Id.* at p. 566.) If the record of conviction demonstrates that relief is unavailable, a petitioner must come forward "with nonconclusory allegations to alert the prosecution and the court to what issues an evidentiary hearing would entail." (*Id.* at p. 567.) If a trial court encounters a material dispute of fact, that dispute may not be resolved at the prima facie stage but, instead, should proceed to an evidentiary hearing, assuming relief is not otherwise foreclosed. (*Ibid.*)

**B.     *Statutory interpretation does not support appellant's position*.**

*Patton* did not analyze the hearsay issue that is before us. (*Patton, supra*, 17 Cal.5th at p. 569, fn. 11.) Appellant contends that the trial court was categorically prohibited from considering any hearsay contained in the preliminary hearing transcript when evaluating his prima facie showing. We disagree.

Section 1172.6 expressly limits certain hearsay at the evidentiary hearing stage of a petition for resentencing (§ 1172.6, subd. (d)(3)). However, the statute imposes no comparable evidentiary restriction during the earlier prima facie review. (*Id.*, subd. (c).)

Senate Bill No. 775 (2021–2022 Reg. Sess.) codified the holdings of *Lewis, supra*, 11 Cal 5th 952, regarding a petitioner's right to legal counsel and the standard for determining the existence of a prima facie case. This bill also addressed "what evidence a court may consider at a resentencing hearing (clarifying the discussion in *Lewis*, at pp. 970–972)." (Stats. 2021, ch. 551, § 1, subds. (b), (d).)

By addressing the appointment of legal counsel and the prima facie standard, while separately addressing evidentiary considerations as applying to the "resentencing hearing," the Legislature signaled its intent to treat the prima facie inquiry under section 1172.6, subdivision (c) and the full evidentiary hearing under subdivision (d) as distinct proceedings. This distinction supports the conclusion that the specific hearsay limitations enacted in subdivision (d)(3) were not intended to govern the more limited review of the petition and record of conviction at the prima facie stage under subdivision (c).

The high court in *Patton* identified "three stages" under section 1172.6. (*Patton, supra*, 17 Cal.5th at p. 562.) The first is a "facially valid petition that entitles petitioner to counsel." (*Ibid*.) The question is then "whether petitioner has made a prima facie case for relief." (*Ibid*.) Finally, the resentencing petition "proceeds to an evidentiary hearing on the ultimate question of whether petitioner should be resentenced." (*Ibid*.)

*Rodriguez* recognized that the prima facie stage and the evidentiary hearing serve "fundamentally distinct" functions. It is overly simplistic (i.e., "reductive") to assume that the evidentiary rules governing a later evidentiary proceeding must necessarily be imported into an earlier prima facie review. (*Rodriguez, supra*, 117 Cal.App.5th at p. 1195.) Unlike the prima facie stage, evidentiary rules are necessary for an evidentiary hearing, "and the Legislature supplied them." (*Id.* at p. 1194.)

*Rodriguez* concluded that the admissibility of evidence at the preliminary hearing does not affect the utility or function of the preliminary hearing transcript at the prima facie stage of a resentencing petition. Instead, the transcript serves an " 'issue-framing

9.

role.' " (*Rodriguez, supra*, 117 Cal.App.5th at p. 1192, quoting *Patton, supra*, 17 Cal.5th at p. 569.) Accordingly, *Rodriguez* affirmed the order denying the petition for resentencing. (*Rodriguez,* at p. 1196.)

We agree with the reasoning in *Rodriguez*. Section 1172.6 establishes a two-stage procedure: a prima facie determination under subdivision (c), followed, if warranted, by an evidentiary hearing under subdivision (d). (§ 1172.6, subds. (c), (d).) Subdivision (d)(3) expressly governs the evidentiary hearing and limits the admissibility of certain hearsay, while subdivision (c) contains no comparable restriction. Under settled principles of statutory construction, we may not add words to the statute to make it conform to some assumed intent not apparent from the express language. (*People v. Superior Court (Pearson)* (2010) 48 Cal.4th 564, 571.) Likewise, when the drafters of a statute have employed a term in one place but omitted it in another, it should not be inferred where it has been excluded. (*People v. Woodhead* (1987) 43 Cal.3d 1002, 1010.) As such, because the Legislature expressly imposed a hearsay limitation in subdivision (d)(3), but not in subdivision (c), that omission reflects a deliberate choice not to apply the limitation at the prima facie stage. (*Rodriguez, supra*, 117 Cal.App.5th at p. 1194.) We must give effect to the Legislature's decision to treat the two stages differently.

Appellant notes that Proposition 115 hearsay would generally be inadmissible at an evidentiary hearing regarding a petition for resentencing unless it was independently admissible under another provision of the Evidence Code. (See § 1172.6, subd. (d)(3).) Thus, he argues that such evidence cannot reliably "frame" the issues for an evidentiary hearing at which it could not itself be considered. We disagree.

The relevant question at the prima facie stage is not whether particular statements in the preliminary hearing transcript will ultimately be admissible at a future evidentiary hearing under section 1172.6, subdivision (d)(3). Rather, the ultimate question at this stage is whether to proceed to an evidentiary hearing. (*Patton, supra*, 17 Cal.5th at

10.

p. 566.) The record of conviction informs the trial court's prima facie inquiry, " 'allowing the court to distinguish petitions with potential merit from those that are clearly meritless.' " (*Id.* at p. 563, quoting *Lewis, supra*, 11 Cal.5th at p. 971.) The fact that certain testimony may later be excluded at an evidentiary hearing does not render the transcript incapable of performing that limited issue-framing function.

We need not resolve the parties' disputed points regarding whether particular hearsay statements contained in appellant's preliminary hearing transcript would ultimately satisfy an exception to the hearsay rule and, thus, be admissible so as to be considered at the prima facie stage. This exercise is irrelevant at this juncture. Instead, the relevant inquiries at this stage are whether the record of conviction contains facts refuting the allegations made in the petition (*Lewis, supra*, 11 Cal.5th at p. 971) and, if so, whether appellant has framed a disputed issue that entitles him to an evidentiary hearing. (*Patton, supra*, 17 Cal.5th at p. 566.) Requiring courts to determine the admissibility of individual statements during prima facie review would improperly import evidentiary litigation into a preliminary screening stage. Such an approach would be contrary to *Lewis*'s instruction that a court should not engage in fact finding, weighing evidence, or exercising discretion during prima facie review. (*Lewis,* at p. 972.)

For all these reasons, we agree with *Rodriguez* that a preliminary hearing transcript remains part of the record of conviction and may be consulted at the prima facie stage for its limited issue-framing role even when it contains hearsay admitted pursuant to section 872, subdivision (b).

### C. *We reject appellant's arguments regarding statutory interpretation.*

Appellant raises various arguments regarding statutory interpretation. We reject these assertions.

First, appellant asserts that permitting consideration of hearsay at the prima facie stage would nullify the prohibition set forth in section 1172.6, subdivision (d)(3), and that

11.

the statute must therefore be construed in light of its purpose and the "evil" it seeks to prevent. This argument ignores the Legislature's express decision to impose a hearsay limitation at one stage of the proceeding and not the other. The two stages serve distinct functions: the prima facie stage is a screening mechanism, while the evidentiary hearing is the forum for resolving disputed facts. Recognizing that distinction does not nullify subdivision (d)(3); instead, it gives effect to it in the precise context the Legislature specified.

Second, appellant contends that construing the statute to permit reliance on hearsay at the prima facie stage produces an absurd or unjust result. We disagree. It is neither absurd nor unjust to allow a court to consult the record of conviction—including the preliminary hearing transcript—to determine whether the record of conviction establishes appellant's ineligibility for relief, so long as the court does not engage in factfinding. Indeed, hearsay testimony could also show that a material dispute of fact exists, and a petitioner is entitled to an evidentiary hearing.

Third, appellant argues that limiting the hearsay prohibition to section 1172.6, subdivision (d)(3) renders the statutory language surplusage unless it is applied at the prima facie stage. This argument is misplaced. The rule against surplusage requires courts to give meaning to every word of a statute and avoid a construction making any word redundant or meaningless. (*People v. Franco* (2018) 6 Cal.5th 433, 437–438; *People v. Arias* (2008) 45 Cal.4th 169, 180.) Here, subdivision (d)(3) serves a clear and distinct function by governing the admissibility of evidence at the evidentiary hearing. Applying it only at that stage gives the provision full effect and avoids rewriting the statute.

Finally, appellant invokes the rule that penal statutes should be construed in favor of the defendant. But that principle applies if statutory language is open to multiple reasonable interpretations. (*People v. Manzo* (2012) 53 Cal.4th 880, 889.) Where, like here, the statutory scheme clearly distinguishes between the prima facie stage and the

evidentiary hearing, there is no ambiguity to resolve.  The rule of lenity has no application here.

In sum, appellant's arguments cannot override the statutory text and structure. The Legislature chose to impose a hearsay limitation at the evidentiary stage and not at the prima facie stage, and we must give effect to that choice.

**D.** ***We disapprove of the dicta appearing in Flores and Williams.***

Appellant cites two opinions issued by this court: (1) *People v. Flores* (2022) 76 Cal.App.5th 974 (*Flores*), disapproved on other grounds in *Patton, supra,* 17 Cal.5th at p. 569, fn. 12; and (2) *People v. Williams* (2024) 103 Cal.App.5th 375 (*Williams*), disapproved on other grounds in *Patton,* at p. 565, fn. 8, review granted and transferred July 16, 2025, S286314, opinion depublished.[3]

*Flores* and *Williams* made comments in footnotes suggesting that hearsay evidence from a preliminary hearing transcript may never be used to deny a resentencing petition at the prima facie stage.  (*Williams, supra*, 103 Cal.App.5th at p. 397, fn. 11; *Flores, supra*, 76 Cal.App.5th at p. 988, fn. 9.)  We respectfully disagree with these statements, and we decline to give them any weight.

These footnotes were not essential to the resolution of those opinions.  As such, we regard them as unpersuasive dictum.  (See *People v. Mendoza* (2000) 23 Cal.4th 896, 915 [a decision is authority only for the points involved and actually decided, and dictum must be viewed with caution].)

Moreover, we disapprove of the language appearing in these footnotes.  (See *Williams, supra*, 103 Cal.App.5th at p. 397, fn. 11; see also *Flores, supra*, 76 Cal.App.5th

---

[3]     *Williams* was subsequently transferred by the Supreme Court for reconsideration in light of *Patton, supra,* 17 Cal.5th 549, and the opinion was rendered depublished or not citable.  (*People v. Williams* (July 16, 2025, S286314); Cal. Rules of Court, rule 8.1115(c)(3).)  We address *Williams* because appellant cited this opinion in his opening brief.  We emphasize, however, that *Williams*, having been depublished, carries no persuasive or precedential weight.  (Cal. Rules of Court, rule 8.1115(a)).

at p. 988, fn. 9.)  To the extent this dictum suggests that hearsay evidence from a preliminary hearing transcript may never be used to deny a resentencing petition at the prima facie stage, we respectfully disagree based on our own independent analysis. Neither *Flores* nor *Williams* alter our conclusion that *Rodriguez* has correctly interpreted section 1172.6.

> ### E.      *We reject appellant's remaining arguments*.

Having concluded that the hearsay limitation contained in section 1172.6, subdivision (d)(3), does not apply to the prima facie inquiry under subdivision (c), many of appellant's remaining arguments lose much of their force.  Appellant contends that Proposition 115 hearsay lacks sufficient reliability so it should be excluded from a record of conviction.  Further, he argues that *Patton*'s repeated references to "facts"[4] requires courts to consider only evidence capable of establishing the "truth" of a matter asserted. Appellant also raises numerous policy concerns regarding the use of hearsay evidence contained in a preliminary hearing transcript, such as questioning the "unintended consequences" that could result if *Rodriguez* is followed.

Having rejected appellant's underlying premise that the evidentiary restrictions appearing in section 1172.6, subdivision (d)(3) must be extended to the prima facie stage, we need not further address many of his arguments concerning reliability, *Patton*'s references to "facts," and other policy objections.  The Legislature expressly imposed evidentiary restrictions at the evidentiary hearing stage while omitting comparable restrictions at the prima facie stage, and we may not rewrite the statute to incorporate limitations the Legislature chose not to include.  Neither *Lewis* nor *Patton* suggest that trial courts must conduct an admissibility analysis before consulting the record of conviction during prima facie review.

---

[4]      For example, *Patton* noted that the issue was whether "relief-foreclosing facts within a preliminary hearing transcript" may be used to refute conclusory, checkbox allegations appearing in a form petition.  (*Patton, supra*, 17 Cal.5th at p. 564.)

In his supplemental letter brief, appellant raised constitutional concerns, asserting that, if hearsay evidence may be considered to defeat his petition for resentencing at the prima facie stage, then constitutional confrontation rights are implicated under the Sixth Amendment of the United States Constitution. (See *Crawford v. Washington* (2004) 541 U.S. 36; *People v. Sanchez* (2016) 63 Cal.4th 665.) Appellant noted that this constitutional concern was not implicated in *Patton*, which did not involve hearsay testimony in its preliminary hearing transcript. In his supplemental reply letter brief, however, appellant clarifies that he does not contend that "the use of Proposition 115 hearsay testimony offends a federal or state constitutional right." Instead, he contends that such testimony should not be deemed sufficiently reliable to be included in a record of conviction.

Because appellant disclaims any constitutional challenge, we do not further address confrontation principles. Likewise, appellant's reliability concerns are meritless. By expressly imposing a hearsay limitation only at the evidentiary hearing stage under section 1172.6, subdivision (d)(3), while omitting any comparable restriction from the prima facie review under subdivision (c), the Legislature made clear its intent that reliability and admissibility challenges should not be litigated during the initial screening process.

However, appellant raises other issues that merit further analysis. He relies on *People v. Reed* (1996) 13 Cal.4th 217 (*Reed*) to argue that hearsay testimony contained in a preliminary hearing transcript should not be treated as part of the record of conviction for purposes of resolving a petition under section 1172.6. In addition, he argues that *Patton* and *Rodriguez* are distinguishable. As we explain, *Reed* does not compel a different result, and we decline appellant's invitation to disregard *Patton* and *Rodriguez*.

15.

### 1. *Reed.*

Appellant relies on *Reed, supra*, 13 Cal.4th 217 to argue that hearsay testimony contained in a preliminary hearing transcript should not be treated as part of the record of conviction for purposes of resolving a petition under section 1172.6. Appellant's reliance on *Reed* is misplaced.

*Reed* addressed the use of a preliminary hearing transcript from a prior conviction to prove the nature of that conviction for the purposes of establishing a sentence enhancement. The Supreme Court held that the hearsay rule did not preclude consideration of the preliminary hearing transcript as part of the record of the prior conviction. (*Reed, supra*, 13 Cal.4th at p. 231.) In reaching that conclusion, the court emphasized that the procedural protections afforded the defendant at the preliminary hearing—including the right to confront and cross-examine witnesses and the requirement that witnesses testify under oath—tended to ensure the reliability of the evidence. (*Id.* at p. 223.)

According to appellant, *Patton*'s disposition was consistent with the concerns raised in *Reed* because the preliminary hearing testimony in *Patton* involved percipient witnesses who were under oath and subjected to cross-examination. Appellant contends that the procedural protections identified in *Reed* are absent in his case and, therefore, his preliminary hearing transcript should not be treated as part of the record of conviction for purposes of section 1172.6 prima facie review. We are not persuaded.

*Reed* is distinguishable in several important respects. First, *Reed* did not involve Proposition 115 hearsay or consider the specific question whether such hearsay may be consulted at the prima facie stage of a section 1172.6 petition.

Second, and more importantly, the *Patton* court cited *Reed* for the broader proposition that "the record of conviction the parties may consult at the prima facie stage includes a preliminary hearing transcript preceding a guilty plea." (*Patton, supra*, 17 Cal.5th at p. 568, citing *Reed, supra*, 13 Cal.4th at p. 223.) *Patton* expressly

16.

distinguished *Reed*, noting that *Reed*'s limits on the use of preliminary hearing transcripts to prove disputed facts at a contested jury trial were "inapplicable here."[5] (*Patton,* at p. 568.) The prima facie inquiry for Patton did not involve the "resolution of a factual dispute in the sense that *Reed* … addressed." (*Patton,* at pp. 568–569, fn. omitted.)

Unlike in *Reed*, which concerned the validity of a prior conviction, a prima facie review under section 1172.6 looks to a preliminary hearing transcript for its limited "issue-framing role" to determine whether the petition identifies a potentially viable claim for relief. (*Patton, supra*, 17 Cal.5th at p. 569.) Accordingly, *Reed* does not undermine our conclusion that *Rodriguez, supra*, 117 Cal.App.5th 1179 correctly interpreted section 1172.6 as permitting consideration of hearsay statements contained in a preliminary hearing transcript during the limited prima facie review under subdivision (c).

### 2. We decline to disregard *Patton* and *Rodriguez.*

Appellant contends that *Patton* and *Rodriguez* are distinguishable because those cases involved sole perpetrators, whereas multiple participants were involved in the underlying altercation leading to this murder. Appellant argues the prosecution could have proven its case against him with a theory of derivative liability under the natural and probable consequences doctrine.

We agree that the facts here differ from those in *Patton* and *Rodriguez*. However, those factual differences do not diminish the relevance of the legal principles articulated in those decisions, which govern the prima facie inquiry under section 1172.6. Nothing in either *Patton* or *Rodriguez* suggests the governing principles apply only where a

---

**5** According to *Patton*, "[i]n *Reed*, we held that applicable rules of admissibility would circumscribe a preliminary hearing transcript's use as evidence to prove a sentence enhancement at a contested jury trial at which the prosecution bore the burden of proof." (*Patton, supra*, 17 Cal.5th at p. 568, citing *Reed, supra*, 13 Cal.4th at pp. 220–221, 224–227.)

defendant acted alone.  Nor do we read *Patton* or *Rodriguez* as turning on the number of participants involved in the offense.  Rather, both decisions addressed the proper scope of prima facie review under section 1172.6, and the extent to which courts may consult the record of conviction in determining whether a petitioner has identified a potentially viable claim for relief.

We have considered footnote 4 in *Patton*, where the Supreme Court noted that, " ' "if the record contains any indication [the petitioner] had an accomplice who may have been the killer, a prima facie case ordinarily would be readily established, even by conclusory assertions in a form petition." ' " (*Patton, supra*, 17 Cal.5th at p. 560, fn. 4.) This observation does not alter our analysis.  That footnote does not state that the mere presence of an accomplice or codefendant automatically establishes a prima facie case. Rather, it addresses the more specific circumstance in which the record contains some indication an accomplice may have been the killer.

Accordingly, the relevant inquiry remains whether the petition and record of conviction identify a nonconclusory basis that appellant may have been convicted under a now-invalid theory of liability.  Consequently, we find *Patton* and *Rodriguez* instructive notwithstanding the factual distinctions which appellant identifies.  We decline appellant's invitation to disregard either *Patton* or *Rodriguez*.

**F.     *The petition in this matter*.**

The trial court properly denied appellant's petition at the prima facie stage. Appellant was charged with murder, and it was alleged he personally and intentionally discharged a firearm causing death (§ 12022.53, subd. (d)).  Appellant's codefendant, Phompong, was not charged with personally discharging a firearm causing death. Instead, Phompong was only charged with personally using a firearm, with the crime committed to benefit a criminal street gang (*id*., subd. (e)(1)).

At the change of plea hearing, defense counsel stipulated that the preliminary hearing transcript provided a factual basis for the pleas. Appellant admitted his personal use of a firearm in connection with this killing (§ 12022.5), and he pleaded guilty to voluntary manslaughter. Appellant agreed he was "pleading guilty to these charges" because he was "in fact, guilty of these charges."

Appellant filed a form petition for resentencing relief. Our high court emphasizes that a record of conviction may be used to refute conclusory allegations, "like the checkbox ones" which appellant offered here. (See *Patton, supra*, 17 Cal.5th at p. 564.)

After reviewing the record of conviction, the trial court concluded that appellant had been prosecuted as the actual killer, and the preliminary hearing transcript demonstrated only one theory, that appellant "was the actual shooter." Based on *Rodriguez* and our own independent analysis, the trial court properly rejected appellant's legal objection that it could not consider the hearsay evidence.

The hearsay testimony from the preliminary hearing reflected that appellant was the direct perpetrator of Ouk's death. Thus, this evidence demonstrated a still-valid theory of murder liability.[6] Critically, appellant never identified below any competing factual account, alternative theory of liability, or other disputed factual issue requiring resolution through an evidentiary hearing. Consequently, appellant failed to make the prima facie showing contemplated by section 1172.6. (*Patton, supra*, 17 Cal.5th at p. 566; *Rodriguez, supra*, 117 Cal.App.5th at p. 1196.) The trial court properly denied the petition, which we will affirm.

---

[6]     Respondent argues that the charging document and appellant's plea colloquy independently reflect that appellant was prosecuted as the sole shooter. Appellant disputes that position. We need not resolve that dispute because we affirm the lower court's ruling based on the testimony adduced at the preliminary hearing.

### G.    *Appellant may file an amended petition in the lower court.*

Appellant concedes that he "could have been convicted as the actual shooter" and nothing from the preliminary hearing expressly identified a second firearm. Nevertheless, he argues that the transcript does not rule out other theories, such as derivative liability under the natural and probable consequences doctrine. He contends that the record does not conclusively establish that he was the actual shooter.

On appeal, appellant now raises a competing factual account. He points to hearsay evidence from his preliminary hearing in which a detective relayed statements from a percipient witness. According to the detective, this witness watched the Honda Civic speeding down the road and, as it approached an intersection, this witness heard at least one gunshot. This witness saw the Honda Civic continue down the avenue and the front passenger (i.e., appellant) stuck his hand out of the window in a manner consistent with holding a gun, and the witness heard four or five more gunshots.

From this testimony, appellant now argues that multiple firearms could have been involved in this shooting. Appellant also notes that numerous other people were involved in the underlying verbal altercation preceding this shooting, and a second car was seen driving in the area around the time the shots were fired.

Appellant argues that, if this court follows *Rodriguez*, he should be permitted an opportunity to file an amended petition in the lower court. Respondent objects, contending that a remand would be a futile act, and it is not justified. Respondent notes that, at the prima facie hearing, defense counsel stated on the record that he was aware of *Patton*.

Given how this case developed, we agree with appellant that he should have leave to file an amended petition in the lower court, should he choose to pursue it.

Appellant filed the present petition in the superior court in 2024. The prosecution and appellant's appointed counsel filed further briefing in the lower court in 2024. All the filed briefing occurred well before the high court issued *Patton* in March 2025.

The prima facie hearing in this matter occurred on March 20, 2025, about 17 days after *Patton* was issued. At that time, appellant relied on a legal objection—that the trial court could not consider the hearsay evidence in the preliminary hearing transcript because it would be inadmissible at the evidentiary hearing. This objection was made prior to *Rodriguez*. The published authority then available included dicta in *Flores* and *Williams* that could reasonably support appellant's argument that hearsay contained in a preliminary hearing transcript could not be considered at the prima facie stage.

This case is materially impacted from the issuance of *Rodriguez* and our conclusion that *Rodriguez* is persuasive. Because the hearsay testimony from appellant's preliminary hearing transcript may be considered as part of the record of conviction, and because that hearsay testimony demonstrates a still valid theory of murder liability, appellant must do more than rely on conclusory allegations in a form petition. In light of the short interval between *Patton* and appellant's prima facie hearing, the absence of *Rodriguez* at that time, and appellant's reliance on a legal position that was not unreasonable when advanced, we conclude it is appropriate to afford appellant a limited opportunity to amend his petition to allege facts showing entitlement to relief, if he can do so. Such a remand is "just under the circumstances" and poses no prejudice to respondent. (§ 1260; see *Patton, supra*, 17 Cal.5th at p. 570; see also *Rodriguez, supra*, 117 Cal.App.5th at p. 1196.)

This remand should not be understood as a conclusion that an evidentiary hearing is warranted. We hold only that, out of an abundance of caution and consistent with the dispositions in *Patton* and *Rodriguez*, appellant may file an amended petition in the superior court within 30 days of remand. If appellant files an amended petition, the superior court shall consider whether the amended petition, together with the People's response and the record of conviction, establishes a prima facie showing under section 1172.6. We express no opinion on the viability of any additional facts appellant may allege.

## **DISPOSITION**

The March 20, 2025, order denying appellant's section 1172.6 petition is affirmed. We remand the matter with directions to the superior court to consider an amended petition should appellant, within 30 days of remand, file one.


                                                             LEVY, ACTING P. J

WE CONCUR:


SNAUFFER, J.


DESANTOS, J.

22.